UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KARL FREDERICK VINSON,

Petitioner,

v.

Case Number 06-10850-BC
Honorable Thomas L. Ludington

DOUGLAS VASBINDER,

Respondent.
______________________________________/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DENYING PETITIONER'S MOTION TO ALTER OR AMEND ORDER, DENYING PETITIONER'S APPLICATION FOR DISCOVERY, AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, Karl Frederick Vinson, a state prisoner currently confined at the Kinross Correctional Facility in Kincheloe, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is being held in violation of his constitutional rights. He was convicted of breaking and entering and first-degree criminal assault contrary to Michigan law following a jury trial in the Detroit Recorder's Court and was sentenced to concurrent custodial terms of five to fifteen years and ten to fifty years. Presently before the Court is the respondent's motion for summary judgment seeking dismissal of the petition as a matter of law because it was filed outside the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). The Court now finds that the petition was filed out of time and therefore will dismiss the petition.

I.

In 1986, the petitioner was convicted of breaking and entering a building with intent, Mich. Comp. Laws § 750.110, and first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520(B)

following a jury trial in the Detroit Recorder's Court. The convictions arose from an attack upon a nine-year-old girl in the bedroom of her home. As noted, the trial court sentenced the petitioner to concurrent terms of five to fifteen years imprisonment and ten to fifty years imprisonment on those convictions. Thereafter, the petitioner filed an appeal as of right with the Michigan Court of Appeals, which affirmed his convictions on October 25, 1988. *People v. Vinson*, No. 94565 (Mich. Ct. App. Oct. 25, 1988). He then filed an application for leave to appeal with the Michigan Supreme Court, which also was denied. *People v. Vinson*, No. 84710 (Mich. July 19, 1989).

In early 2001, the petitioner filed a motion for relief from judgment with the state trial court. The trial court denied the motion on March 5, 2001, and the petitioner elected not appeal this decision further. In late 2005 or early 2006, the petitioner filed a second motion for relief from judgment. The state trial court denied this motion on January 23, 2006, and again the petitioner did not appeal the adverse ruling.

The petitioner filed the instant habeas petition on February 11, 2006. In his pleadings, he raises claims challenging the effectiveness of his trial and appellate counsel, the fairness of the public defense system, and the circumstances surrounding the police's destruction of evidence. The respondent filed a motion for summary judgment on September 1, 2006 because, he believes, the petition was filed outside the one-year statute of limitations applicable to federal habeas corpus actions. The petitioner has responded to the motion and asserts that the limitations period is subject to equitable tolling.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 *et seq.*, governs the filing date for this action because Vinson filed his petition after AEDPA's

effective date, April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The revised statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

A.

Because the petitioner's convictions became final before the AEDPA's effective date, he is entitled to a one-year grace period in which to file his federal habeas petition. *See Abela v. Martin*, 348 F.3d 164, 167 (6th Cir. 2003). Consequently, Vinson was required to file his habeas petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in the state courts. *See* 28 U.S.C. § 2244(d)(2).

The petitioner, however, did not file his first state court motion for relief from judgment until

2001. Thus, the one-year limitations period had expired well before the petitioner sought state post-conviction review. Plainly, a post-conviction motion filed in state court following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). As a result, the post-conviction proceedings in state court did not toll the statute of limitations, and AEDPA's limitations period does not run anew after the completion of such proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Nor does this case fall into the other statutory subsections that would serve to make the petition timely. The petitioner has neither alleged nor established that his claims are based upon newly-recognized constitutional rights that have been given retroactive effect. He also has not demonstrated that the State created an impediment to the filing of his habeas petition. Although the petitioner asserts that he suffers from bipolar disorder and that he had no access to a typewriter or legal pleadings while hospitalized, this assertion is not supported by evidence. Moreover, it is not apparent that the petitioner was denied access to the necessary materials from April 24, 1996 until April 24, 1997, the time frame during which the limitations period ran. It is further unclear that any such deprivation continued until the petitioner sought post-conviction relief in the state courts in 2001 and 2005 or federal habeas relief in 2006 in this Court.

In addition, the petitioner has made no showing that his claims for habeas relief are premised on newly-discovered facts. In such a case, the limitations period begins when the factual predicate for a petitioner's claim could have been discovered through the exercise of due diligence, not when it actually was discovered by the petitioner. *See Brooks v. McKee*, 307 F. Supp. 2d 902, 905-906

(E.D. Mich. 2004) (citing cases). Indeed, the time commences when the petitioner knows or through due diligence could have discovered the important facts for the claim, not when the petitioner realizes the facts' legal significance. *Ibid*. Above all, the start of the limitations period does not await the collection of evidence to support those facts. *Ibid.*

Here, the petitioner admits that he learned that the crime scene evidence, the victim's sheets and panties, were destroyed in 1991 and 1993 respectively. His requests for those items and related correspondence further indicate that he was aware of the possibility of DNA testing at that time. The petitioner therefore knew or could have reasonably discovered the basis for his habeas claims concerning the effectiveness of trial and appellate counsel, the fairness of the public defense system, and the destruction of evidence well in advance of the expiration of the one-year limitations period. The Court finds that this habeas action is barred by the statute of limitations set forth in 28 U.S.C. § 2244(d).

B.

1.

The Sixth Circuit has explained that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008-1009 (6th Cir. 2001), the court of appeals set forth a five-part test to determine whether equitable tolling is appropriate. The factors a reviewing court should consider include:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable

tolling appli[es] only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

In this case, the petitioner has not adequately explained why he initiated his state court collateral proceedings and this federal habeas action well after the expiration of the one-year limitations period. The fact that the petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (reasoning that ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (noting that lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

Additionally, the petitioner's alleged mental illness is not a *per se* reason to toll the statute of limitations for filing a federal habeas petition. *See Brown v. McKee*, 232 F. Supp. 2d 761, 767-68 (E.D. Mich. 2002). Rather, the alleged mental illness must somehow have affected the petitioner's ability to timely file a petition. *Ibid*. (citing cases). The petitioner bears the burden of showing that mental health problems rendered him unable to file a habeas petition within the one-year period. *Ibid*. He has made no such showing. Nor has the petitioner demonstrated diligence in seeking habeas relief. He filed his first state court motion for relief from judgment more than eleven years after the completion of his direct appeals; filed his second motion for relief from judgment more than four years later; failed to appeal either of those decisions; and then filed the instant petition. Under

the circumstances, the Court believes that the petitioner is not entitled to equitable tolling under *Dunlap*.

2.

A credible claim of actual innocence, the Sixth Circuit has held, also may equitably toll the one-year statute of limitations under 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). To support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks and citation omitted). Further, a cognizable claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Finally, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

The petitioner has not established a viable claim of actual innocence. Although the petitioner's blood and saliva samples are available for DNA testing, the record indicates that the crime scene materials have been destroyed. The petitioner's claims regarding the exculpatory nature of the DNA evidence are conclusory and unsupported. The record indicates that the victim identified the petitioner as her assailant. Conclusory allegations of actual innocence do not justify equitable tolling. *See, e.g.*, *Weibley v. Kaiser*, 50 Fed. Appx. 399, 403 (10th Cir. 2002). The Court therefore concludes that the petitioner has failed to meet his burden in establishing an entitlement to equitable tolling of the one-year limitations period.

III.

The petitioner also has filed a motion to alter or amend this Court's order requiring a responsive pleading and an application for discovery. The petitioner's motion to alter or amend lacks merit and his application for discovery is moot in light of the Court's decision that the petition was filed out of time.

A.

The petitioner brings his motion to alter or amend under Local Rule 7.1. Under that rule, a motion to alter or amend (or for reconsideration) cannot be granted unless the moving party demonstrates "a palpable defect by which the Court and the parties have been misled" and that correcting the defect will result in a different disposition of the case. E.D. Mich. L.R. 7(1)(g)(3). The petitioner believes that this case should be re-assigned to United States District Judge Robert H. Cleland, who recently dismissed the petitioner's habeas case challenging the denial of release on parole in Case No. 05-CV-72425-DT, as a companion case. The reassignment of companion cases in the Eastern District is governed by Local Rule 83.11(b)(7). *See Jones v. City of Allen Park*, 2006 WL 13109, *9 (6th. Jan. 3, 2006). Rule 83.11 states that "[c]ompanion cases are those in which it appears that: (i) substantially similar evidence will be offered at trial, or (ii) the same or related parties are present, and the cases arise out of the same transaction or occurrence." E.D. Mich. LR. 83.11(b)(7)(A).

The two cases at issue here are not companion cases. Judge Cleland's case, No. 05-CV-72425-DT, concerned a challenge to the Michigan parole process and the Parole Board's denial of parole. The instant petition, on the other hand, is a challenge to the petitioner's underlying convictions. Although both cases concern the petitioner's continued confinement, they involve

different facts or evidence and different issues. They also arise out of different transactions or occurrences. The Court was aware of the prior case at the time it issued the responsive pleading order and determined reassignment was inappropriate.

The petitioner also challenges the deadline set by the Court for a responsive pleading, September 6, 2006. He feels that the respondent should only be given sixty days to file a response to his petition. A federal court has discretion under the rules governing habeas corpus cases to set a deadline for a response to a prisoner's habeas petition. *See Erwin v. Elo*, 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001) (citing *Hudson v. Helman*, 948 F. Supp. 810, 811 (C.D. Ill.1996)); 28 U.S.C. § 2243. Further, Rule 4 of the Rules Governing Section 2254 cases gives a federal court discretion to take into account various factors such as the respondent's workload and availability of transcripts in determining when an answer must be filed. *See Kramer v. Jenkins*, 108 F.R.D. 429, 432 (N.D. Ill. 1985). The Court finds that sixth months is a reasonable period in which to require a response in light of the complexity of the case, the respondent's ability to acquire the relevant documents, and the Michigan Attorney General's caseload. The petitioner has not shown that a shorter response time is necessary to protect his rights, and no palpable defect is apparent on these facts.

2.

The petitioner's application for discovery relating to the destruction of evidence is moot in light of the Court's determination that the petition was untimely filed. Nonetheless, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6 of the Rules Governing Section 2254 Cases provides that a habeas court may authorize a party to conduct discovery upon a showing of good cause. 28 U.S.C. foll. § 2254, Rule 6(a). The petitioner has not made the

requisite showing of "good cause" that the requested items are necessary for the disposition of this case. Finally, the respondent is required to submit all transcripts and documents relevant to the determination of the habeas petition at the time the answer is filed. 28 U.S.C. foll. § 2254, Rule 5. There is no evidence that the respondent has not fulfilled his obligations under the statute.

IV.

After careful review the record and the parties' submissions, the Court concludes that the petition for a writ of habeas corpus was filed outside the one-year limitations period set forth in 28 U.S.C. § 2244(d) and the petitioner has not established an entitlement to equitable tolling of that period. The petitioner's motion to alter or amend lacks merit, and his request for discovery is moot in light of the Court's finding of untimeliness.

Accordingly, it is **ORDERED** that the respondent's motion for summary judgment [dkt # 7] is **GRANTED** and the petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the petitioner's motion to alter or amend [dkt # 4] is **DENIED**.

It is further **ORDERED** that the petitioner's application for discovery [dkt # 2] is **DENIED** as moot**.**

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: December 7, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 7, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS